# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 22-0684V

| | |
|---|---|
| RICHARD STECK,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: July 2, 2024 |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Emilie Williams, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION AWARDING DAMAGES[1]

On June 17, 2022, Richard Steck a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") following an influenza vaccination he received on September 30, 2021. Amended Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On December 19, 2023, a ruling on entitlement was issued, finding Petitioner entitled to compensation for his SIRVA. On July 1, 2024, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $60,000.00 for pain and suffering plus $52.19 to satisfy a Medicaid lien. Proffer at 2. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Pursuant to the terms stated in the attached Proffer, **I award the following:**

- **A lump sum payment of $60,000.00 for pain and suffering in the form of a check payable to Petitioner, Richard Steck; and**

- **A lump sum payment of $52.19 in the form of a check jointly payable to Petitioner and The Phia Group, P.O. Box 499, Canton, MA 02021, Case #HM20231207-000005,** representing reimbursement of a Medicaid lien for services received by Petitioner from the State of Pennsylvania.

These amounts represent compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| RICHARD STECK, ) | |
| ) | |
| Petitioner, ) | No. 22-684V   ECF |
| ) | |
| v. ) | Chief Special Master Corcoran |
| ) | |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## PROFFER ON AWARD OF COMPENSATION[1]

**I.    Procedural History**

On June 17, 2022, Richard Steck ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended*.[2] He alleges that, as a result of receiving the influenza vaccine on September 30, 2021, he suffered from a left shoulder injury related to vaccination ("SIRVA"). *See* Amended Petition. On December 11, 2023, respondent filed his Vaccine Rule 4(c) report, indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and, on December 19, 2023, Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner was entitled to compensation. ECF Nos. 26, 28.

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

[2] On May 15, 2023, petitioner filed an Amended Petition, alleging the same vaccine-injury combination, but including additional medical facts. ECF No. 14.

## II. Compensation for Vaccine Injury-Related Items

### A. Pain and Suffering

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$60,000.00** for pain and suffering, in the form of a check payable to petitioner. Petitioner agrees.

### B. Medicaid Lien

Respondent proffers that petitioner should be awarded funds to satisfy the State of Pennsylvania Medicaid lien in the amount of **$52.19**, which represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Pennsylvania may have against any individual as a result of any Medicaid payments the State of Pennsylvania has made to or on behalf of petitioner from the date of his eligibility for benefits through the date of judgment in this case as a result of his alleged vaccine-related injury suffered on or about September 30, 2021, under Title XIX of the Social Security Act.

The above amounts represent all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

## III. Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment, as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following:

A. A lump sum payment of **$60,000.00** in the form of a check payable to petitioner[3];

and,

B. A lump sum payment of $**52.19**, representing reimbursement of a Medicaid lien for services rendered to petitioner by the State of Pennsylvania, in the form of a check payable jointly to petitioner and The Phia Group:

The Phia Group
Case # HM20231207-000005
P.O. Box 499
Canton, MA 02021

Petitioner agrees to endorse this check to The Phia Group.

These amounts represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

---

[3] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

*/s/Emilie F. Williams*
EMILIE F. WILLIAMS
Trial Attorney
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 305-0124
Emilie.williams@usdoj.gov

Dated:  June 27, 2024